US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKYWATCHER, LLC
d/b/a QUALITY SOLAR, LLC
a Michigan limited liability company
    Plaintiff

Case No. _____
Judge _____

v.

GREGORY R. OLIVER,
a resident of Michigan,
AGATHON SOLAR, LLC,
a Michigan limited liability Company,
STANDARD SOLAR, INC.,
a Delaware corporation, and
COMPRENEW,
a Michigan nonprofit corporation
    Defendants

---

POWERS & GREENGARD
Mark A. Powers (P63972)
Miles L. Greengard (P76812)
Attorneys for Plaintiff
PO Box 543
Grand Haven, MI 49417
616-350-8760
mark@map-law.net
mgreengard@powersgreengard.com

    Plaintiff, for its causes of action against Defendants, alleges that:

**PARTIES**

    1.    Plaintiff is a Michigan limited liability company duly registered and headquartered in Saint Johns, Michigan, whose business includes the sale and installation of solar energy panels.

    2.    Defendant Standard Solar, Inc. is a Delaware corporation, registered as a foreign corporation to transact business in Michigan, whose business includes solar power project financing, planning, development, and installation.

3. Defendant Gregory Oliver is a Michigan resident residing at 2160 Newport Street SW, Wyoming, Michigan.

4. Defendant Agathon Solar Solar, LLC, is a Michigan limited liability company, registered at 2160 Newport Street SW, Wyoming, Michigan, created on January 18, 2019.

5. Defendant Comprenew is a Michigan nonprofit corporation registered at 629 Ionia Avenue SW, Grand Rapids, Michigan and with a store located at 1454 28th Street SE, Grand Rapids, Michigan.

## JURISDICTION AND VENUE

6. This court has jurisdiction in that Plaintiff alleges violations of 18 U.S. Code § 1030 (the "Computer Fraud and Abuse Act" or "CFAA"), and violations of the Defend Trade Secrets Act of 2016 (Pub L No 114-153, 130 Stat 376 (2016)), in addition to actions under Michigan law.

7. Venue is proper in the Western District of Michigan, Southern Division, as Plaintiff and Defendants Oliver, Agathon Solar, and Comprenew are located in the Southern Division of the Western District of Michigan and the actions alleged below occurred primarily or exclusively in the Southern Division.

## GENERAL ALLEGATIONS

8. On or about December 15, 2017, Plaintiff (doing business as "Quality Solar") and Defendant Oliver agreed upon a 2018 fiscal year compensation plan (the "Plan") for his employment during such year.

9. The parties agreed to the Plan during a meeting amongst Defendant Oliver, Robert Randolph, majority owner of Plaintiff, ("Randolph"), and Dennis Dornbush, Plaintiff's business consultant, ("Dornbush")

10. The Plan covered the calendar year ending December 31, 2018.

11. Defendant Oliver informed Randolph and Dornbush at that time that Defendant Oliver would sign and return a copy of the Plan to Randolph.

12. In January of 2018, Plaintiff requested Defendant Oliver also execute a noncompetition agreement ("NCA").

13. Defendant Oliver informed Randolph and Dornbush that Defendant Oliver would sign and return a copy of the NCA to Randolph.

14. Defendant Oliver terminated his employment with Plaintiff on January 9, 2019 via written communication to Plaintiff.  (Exhibit 1).

15. Plaintiff previously employed Defendant Oliver as a solar designer salesperson and project manager until January 9, 2019.  (*Id.*)

16. Defendant Oliver is a member of Defendant Agathon Solar.

17. Before January 9, 2019, Defendant Oliver removed a laptop computer belonging to Plaintiff (the "Protected Computer") from Plaintiff's Grand Rapids offices.  (Exhibit 2).

18. Defendant Oliver delivered the Protected Computer to Defendant Comprenew at Comprenew's 28th Street, Grand Rapids, Michigan store location.  (*Id.*)

19. Defendant Comprenew removed information and data files from the Protected Computer after receiving possession from Defendant Oliver.  (*Id.*)

20. Plaintiff stored its written records and documents in a filing cabinet accessible by Defendant Oliver, at Plaintiff's Grand Rapids location.

21. Defendant Oliver's signed copy of the Plan and the NCA was stored in this filing cabinet.

22. After Defendant Oliver terminated his employment with Plaintiff, he removed from Plaintiff's offices Plaintiff's written records at Plaintiff's Grand Rapids location.

23. Since his resignation, Defendant Oliver has solicited customers and potential customers of Plaintiff.

24. Defendant Oliver has solicited using the information contained on the Protected Computer and in the files Defendant Oliver removed from Plaintiff's Grand Rapids office.

25. Since his resignation, Defendant Oliver has held meeting with business customers and potential customers of Plaintiff.

26. Defendant Oliver has conducted these meetings with representatives of Defendant Standard Solar present.

27. Defendant Standard Solar's representatives are aware of Defendant Oliver's solicitation of Plaintiff's customers and potential customers.

28. Defendant Standard Solar's representatives knowingly participated in meetings with Defendant Oliver where Defendant Oliver solicited Plaintiff's customers and potential customers.

29. Defendant Standard benefits from Defendant Oliver's solicitations of Plaintiff's customers and potential customers.

### COUNT 1: COMPUTER FRAUD AND ABUSE ACT
### (DEFENDANTS OLIVER AND COMPRENEW)

30. Plaintiff incorporates the preceding paragraphs.

31. Defendant Oliver accessed the Protected Computer owned by Plaintiff. (Exhibit 2).

32. Defendant Comprenew accessed the Protected Computer owned by Plaintiff. (*Id.*)

33. Defendant Oliver was authorized to use the Protected Computer while an employee of Plaintiff for business purposes.

34. Plaintiff never authorized Defendant Oliver to delete Plaintiff's files, applications, and information on the Protected Computer.

35. Defendant Oliver gave access to the Protected Computer to Defendant Comprenew. (*Id.*)

36. Plaintiff never authorized Defendant Comprenew to access Plaintiff's Protected Computer.

37. Plaintiff never authorized Defendant Comprenew to delete Plaintiff's files, applications, and information on the Protected Computer.

38. Defendant Oliver accessed the Protected Computer in order to delete and remove computer files belonging to Plaintiff. (*Id.*)

39. Defendant Comprenew accessed the Protected Computer in order to delete and remove computer files belonging to Plaintiff. (*Id.*)

40. Defendant Comprenew knew, or had reason to know, that the Protected Computer did not belong to Defendant Oliver.

41. Defendant Oliver deleted and removed files on the Protected Computer knowingly, and with intent to deprive Plaintiff from accessing said files. (*Id.*)

42. Defendant Comprenew deleted and removed files on the Protected Computer knowingly, and with intent to deprive Plaintiff from accessing said files. (*Id.*)

43. Among the files deleted by Defendants Oliver and Comprenew was a customer quoting application spreadsheet program developed by Plaintiff during the period of Defendant Oliver's employment.

44. Defendant Oliver's intent to deprive Plaintiff's access to its files was fraudulent in nature.

45. Defendant Comprenew's intent to deprive Plaintiff's access to its files was fraudulent in nature.

46. Defendant Oliver obtained value by harming Plaintiff for the benefit of himself and Defendant Standard Solar and Defendant Agathon Solar.

47. Defendant Comprenew obtained value in deleting files from Plaintiff's Protected Computer by servicing and billing Defendant Oliver.

48. The elements of the CFAA, 18 U.S. Code § 1030, are met.

Plaintiff requests that this court enter judgment in his favor and against Defendants Oliver and Comprenew as follows:

a) Actual costs incurred by Plaintiff caused by Defendants in accordance with 18 U.S. Code § 1030.

b) Award Plaintiff costs and attorney fees incurred in connection with this action.

c) Issue an injunction against Defendants' use of the information, applications, and files on the Protected Computer

d) Award Plaintiff such other and different relief as the court deems warranted.

## COUNT 2: STATUTORY CONVERSION
## (DEFENDANT OLIVER AND COMPRENEW)

49. Plaintiff incorporates the preceding paragraphs.

50. Plaintiff owned the Protected Computer that Defendant Oliver possessed.

51. Plaintiff owned the applications, information and data stored on the Protected Computer.

52. Defendant Oliver took the Protected Computer to Comprenew's location at 1454 28th Street SE, Grand Rapids, Michigan.  (Exhibit 2).

53. Defendant Oliver asked Defendant Comprenew to delete information, files, and Plaintiff-developed software applications on Plaintiff's Protected Computer.  (*Id.*)

54. Defendant Oliver had no authority to delete, or ask others to delete, information and applications on Plaintiff's Protected Computer.

55. Defendant Oliver altered Plaintiff's Protected Computer.  (*Id.*)

56. Defendant Comprenew altered Plaintiff's Protected Computer.  (*Id.*)

57. Defendant Oliver used Plaintiff's Protected Computer without Plaintiff's permission.

58. Defendant Comprenew used Plaintiff's Protected Computer without Plaintiff's permission.

59. Defendant Oliver dispossessed Plaintiff of its ownership rights in the Protected Computer and files stored on the Protected Computer. (*Id.*)

60. Defendant Comprenew dispossessed Plaintiff of its ownership rights in the computer and files stored on the Protected Computer. (*Id.*)

61. Defendant Oliver knew, or had reason to know, the Protected Computer was Plaintiff's, and not his.

62. Defendant Oliver informed Defendant Comprenew the Protected Computer was Plaintiff's, and not his.

63. Defendant Comprenew knew, or had reason to know, the Protected Computer was Plaintiff's, and not Defendant Oliver's.

64. Defendant Oliver derived personal use from deleting information from Plaintiff's Computer.

65. Defendant Comprenew derived personal use from deleting information on the Protected Computer by completing a transaction with Defendant Oliver.

66. Defendant Oliver removed, without permission, Plaintiff's hard copy files and correspondence kept in a filing cabinet at Plaintiff's Grand Rapids offices.

67. Defendant Oliver used these hard copy files and correspondence in conjunction with his new employment at Defendants Standard Solar and Agathon Solar.

68. This action diminished Plaintiff's position in the market.

69. Defendant Oliver violated Michigan's statutory conversion statute, MCL 600.2919a(1)(a).

70. Defendant Comprenew violated Michigan's statutory conversion statute, MCL 600.2919a(1)(a).

71. Plaintiff can recover treble damages and attorneys fees under Michigan's statutory conversion statute, MCL 600.2919a(1).

Plaintiff requests that this court enter judgment in his favor and against Defendants Oliver and Comprenew as follows:

a) Actual damages caused by Defendants in accordance with MCL 600.2961 5(b).

b) Award Plaintiff costs and attorney fees incurred in connection with this action.

c) Award Plaintiff such other and different relief as the court deems warranted.

### COUNT 3:  TORTIOUS INTERFERENCE WITH A CONTRACT
### (DEFENDANT STANDARD SOLAR AND AGATHON SOLAR)

72. Plaintiff incorporates the preceding paragraphs.

73. The NCA was a valid contract between Plaintiff and Defendant Oliver.

74. Defendant Standard Solar knew, or had reason to know, the NCA existed.

75. Defendant Agathon Solar knew, or had reason to know, the NCA existed.

76. Defendant Oliver breached the NCA by contracting with Defendant Standard Solar.

77. Defendant Oliver breached the NCA by serving as a member of Defendant Agathon Solar.

78. Defendant Standard Solar instigated Defendant Oliver to breach the NCA by contracting with Defendant Standard Solar.

79. Defendant Agathon Solar instigated Defendant Oliver to breach the NCA by serving as a member of Defendant Agathon Solar

80. Plaintiff has been damaged by said breach.

Plaintiff requests that this court enter judgment in its favor and against Defendants Standard Solar and Agathon Solar as follows:

a)  Actual damages caused by Defendants.

b)  Award Plaintiff costs and attorney fees incurred in connection with this action.

c)  Award Plaintiff such other and different relief as the court deems warranted.

## COUNT 4: UNJUST ENRICHMENT
## (DEFENDANTS STANDARD SOLAR, AGATHON SOLAR, AND OLIVER)

81.  Plaintiff incorporates the preceding paragraphs.

82.  Plaintiff employed Defendant Oliver for approximately three years from January 2016 to January 9, 2019. (Exhibit 1).

83.  Defendant Oliver's job responsibilities included designing solar panel installations, preparing quotations, and developing and implementing a sales program for large commercial accounts.

84.  Plaintiff's normal customer base consists primarily of residential homeowners.

85.  While employed by Plaintiff, Defendant Oliver benefitted from his experiencing assisting in Plaintiff's operations.

86.  While employed by Plaintiff, Defendant Oliver benefitted from Plaintiff sharing its knowledge of the business industry of solar energy generation and solar panel installation.

87.  Plaintiff's commercial account sales program was expected to sell approximately twenty million dollars ($20,000,000) in services and products in 2019.

88.  Defendant Oliver put his goals in writing as part of Defendant Oliver's employment proposal to Plaintiff, seeking commissions on those sales in addition to salary.

89.  Plaintiff expected to place those sales through Defendant Standard Solar's sales and distribution system.

90. Plaintiff expected to obtain a 3% commission ($600,000.00) for the placement of those accounts with Standard Solar.

91. Since resigning, Defendant Oliver has continued engaging in sales and marketing efforts, and has benefitted from access to the documents and trade secrets that were on Plaintiff's Protected Computer.

92. Before resigning, Defendant Oliver began sharing with Defendant Standard Solar the documents, applications, customer information, trade secrets, and marketing programs Plaintiff developed.

93. After resigning, Defendant Oliver shared with Defendant Agathon Solar the documents, applications, customer information, trade secrets, and marketing programs Plaintiff developed.

94. Before and after January 9, 2019, Defendant Oliver used the trade secrets, contacts, pricing information, and ongoing sales program of Plaintiff for the benefit of himself and Defendant Standard Solar.

95. After January 9, 2019, Defendant Oliver used the trade secrets, contacts, pricing information, and ongoing sales program of Plaintiff for the benefit of himself and Defendant Agathon Solar.

96. By providing Defendant Standard Solar with the benefits of Plaintiff's multi-year sales and marketing program efforts, Defendant Oliver created an inequity against Plaintiff.

97. By providing Defendant Agathon Solar with the benefits of Plaintiff's multi-year sales and marketing program efforts, Defendant Oliver created an inequity against Plaintiff.

98. Defendant Standard Solar's retention of the business documents and trade secrets creates an inequity against Plaintiff.

99.   Defendant Standard Solar retention of the business documents and trade secrets creates an inequity against Plaintiff.

Plaintiff requests that this court enter judgment in his favor and against Defendants Standard Solar, Agathon Solar, and Oliver as follows:

a)   Actual damages caused by Defendants.

b)   Issue an injunction preventing Defendant Oliver from working for, or contracting with, Defendants Standard Solar and Agathon Solar.

c)   Issue an injunction preventing Defendant Standard Solar and Agathon Solar from using Plaintiff's files, applications, and information for Defendants' benefit.

d)   Award Plaintiff costs and attorney fees incurred in connection with this action.

e)   Award Plaintiff such other and different relief as the court deems warranted.

### COUNT 5: MISAPPROPRIATION OF TRADE SECRETS
### (DEFENDANTS STANDARD SOLAR, AGATHON SOLAR, AND OLIVER)

100.   Plaintiff incorporates the preceding paragraphs.

101.   Defendant Oliver removed the Protected Computer, belonging to Plaintiff, from Plaintiff's possession.  (Exhibit 2).

102.   Defendant Oliver gave the Protected Computer, the information, and the applications contained therein, to Defendant Standard Solar.

103.   Defendant Oliver gave the Protected Computer, the information, and the applications contained therein, to Defendant Agathon Solar.

104.   Defendant Standard Solar accessed the Protected Computer and the information contained therein.

105.   Defendant Agathon Solar accessed the Protected Computer and the information contained therein.

106. The Protected Computer and the information contained therein constituted trade secrets of Plaintiff.

107. Plaintiff has, and will continue to be damaged, by Defendant Oliver accessing its trade secrets.

108. Plaintiff has, and will continue to be damaged, by Defendant Standard Solar accessing its trade secrets.

109. Plaintiff has, and will continue to be damaged, by Defendant Agathon Solar accessing its trade secrets.

110. The elements for misappropriation of trade secrets under Michigan Uniform Trade Secrets Act, MCL 445.1908, are met.

Plaintiff requests that this court enter judgment in his favor and against Defendants Standard Solar, Agathon Solar, and Oliver as follows:

a) Actual damages caused by Defendants.

b) Issue an injunction preventing Defendants' use of the information, application, and files on the Protected Computer.

c) Order Defendants to return all misappropriated trade secrets.

d) Award Plaintiff costs and attorney fees incurred in connection with this action.

e) Award Plaintiff such other and different relief as the court deems warranted.

### COUNT 6: BREACH OF CONTRACT
### (DEFENDANT OLIVER)

111. Plaintiff incorporates the preceding paragraphs.

112. Defendant Oliver entered into the NCA with Plaintiff.

113. The NCA was a valid contract.

114. Defendant Oliver breached the contract when he contracted with Defendant Standard Solar.

115. Defendant Oliver breached the contract when he became a member of Defendant Agathon Solar.

116. Plaintiff was damaged by Defendant Oliver's breach of the NCA.

Plaintiff requests that this court enter judgment in his favor and against Defendant Oliver as follows:

a) Actual damages caused by Defendant.

b) Award Plaintiff costs and attorney fees incurred in connection with this action.

c) Award Plaintiff such other and different relief as the court deems warranted.

### COUNT 7: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP (DEFENDANTS STANDARD SOLAR AND AGATHON SOLAR)

117. Plaintiff incorporates the preceding paragraphs.

118. The ongoing employment and NCA represented a business relationship between Defendant Oliver and Plaintiff.

119. Defendant Standard Solar knew, or had reason to know, that Defendant Oliver had an ongoing business relationship with Plaintiff.

120. Defendant Agathon Solar knew that Defendant Oliver had an ongoing business relationship with Plaintiff.

121. By allowing Defendant Oliver to serve as a member, Defendant Agathon Solar intentionally and improperly interfered with the business relationship between Defendant Oliver and Plaintiff.

122. By contracting with Defendant Oliver, Defendant Standard Solar intentionally and improperly interfered with the business relationship between Defendant Oliver and Plaintiff.

123. Plaintiff has been damaged by said breach.

Plaintiff requests that this court enter judgment in his favor and against Defendants Standard Solar and Agathon Solar as follows:

a) Actual damages caused by Defendants.

b) Issue an injunction preventing Defendant Oliver from being employed by, or contracting with, Defendants Standard Solar and Agathon Solar.

c) Award Plaintiff costs and attorney fees incurred in connection with this action.

d) Award Plaintiff such other and different relief as the court deems warranted.

**COUNT 8: PROMISSORY ESTOPPEL**
**(DEFENDANT OLIVER)**

124. Plaintiff incorporates the preceding paragraphs.

125. Defendant Oliver promised Plaintiff he would not work for a competing solar energy company

126. This promise by Defendant Oliver was made to induce employment by Plaintiff.

127. Plaintiff hired Defendant Oliver based on this promise.

128. It would be unjust to allow Defendant Oliver to contract with Defendant Standard Solar.

129. It would be unjust to allow Defendant Oliver to serve as a member of Defendant Agathon Solar.

Plaintiff requests that this court enter judgment in his favor and against Defendant Oliver as follows:

a) Issue an injunction preventing Defendant Oliver from being employed by, or contracting with, Defendants Standard Solar and Agathon Solar.

b) Award Plaintiff costs and attorney fees incurred in connection with this action.

c) Award Plaintiff such other and different relief as the court deems warranted.

## COUNT 9: THEFT OF TRADE SECRETS
## (DEFENDANT OLIVER)

130. Plaintiff incorporates the preceding paragraphs.

131. The information contained on Plaintiff's Protected Computer comprised trade secrets.

132. Defendant Oliver acquired the Protected Computer, and the information contained therein, in confidence under his employment by Plaintiff.

133. Defendant Oliver was unauthorized to use the trade secrets outside of his employment by Plaintiff.

134. Defendant Oliver is currently using the trade secrets in his employment by Defendant Standard Solar.

135. Defendant Oliver is currently using the trade secrets in his employment by Defendant Agathon Solar.

136. The elements of The Defend Trade Secrets Act, Pub L No 114-153, 130 Stat 376 (2016), are met.

Plaintiff requests that this court enter judgment in his favor and against Defendant Oliver as follows:

a) Actual damages caused by Defendant.

b) Issue an injunction preventing Defendant Oliver's use of the information, application, and files on the Protected Computer.

  c)  Order Defendant Oliver to return all misappropriated trade secrets.

  d)  Award Plaintiff costs and attorney fees incurred in connection with this action.

  e)  Award Plaintiff such other and different relief as the court deems warranted.

                POWERS & GREENGARD

Dated:  May 22, 2019          /s/ Mark A. Powers

                Mark A. Powers (P63972)
                Attorneys for Plaintiff
                The Carriage House
                509 Franklin
                Grand Haven, Michigan 49417
                (616) 350-8760 (Phone)
                mgreengard@powersgreengard.com